IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parentage of | ) | |
| | ) | No. 36375-9-III |
| NATALIE M. MOORE, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| DAVID S. LEESON, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — David Leeson appeals from a superior court judge's ruling on revision that determined there was no adequate cause to change the existing parenting plan. Since that ruling has been overtaken by subsequent developments, this appeal is moot.

PROCEDURAL HISTORY

The relationship between Natalie Moore and David Leeson produced one child, SL. The relationship ended in 2015 and the mother petitioned in 2016 for a parenting

plan. A contentious period followed involving repeated contempt motions by the father concerning the mother's alleged failures to live up to the terms of the temporary parenting plan. The parties eventually were able to reach a CR 2A settlement that resulted in a final parenting plan in early 2018 that gave primary custody to the father, but included visitation with the mother. Clerk's Papers (CP) at 693-702.

By June 2018, Mr. Leeson filed for a major modification of the parenting plan that requested all visitation between SL and her mother be supervised. Among the several bases asserted in the motion was the contention that Ms. Moore physically abused her daughter. Ms. Moore denied the allegations and presented evidence that Child Protective Services (CPS) concluded that the allegation of physical abuse was unfounded. Nonetheless, the father contended that the report was turned over to law enforcement for investigation of criminal charges.

The father moved to strike evidence of the CPS report on foundational and hearsay grounds. A court commissioner concluded that grounds existed for a major modification. The mother moved to revise that ruling. On review Judge Ellen Clark modified the commissioner's ruling. She noted that CPS findings were significant and that modification was not appropriate given the "unfounded" conclusion by CPS.

Mr. Leeson appealed from the modification ruling. Subsequently, additional grounds for modification developed and Mr. Leeson filed a new motion for modification of the parenting plan. Ms. Moore agreed to adequate cause and a guardian ad litem was

appointed. CP at 1191. Apparently awaiting the guardian's report, no hearing has yet been held.

A panel considered Mr. Leeson's appeal without conducting argument.

ANALYSIS

Mr. Leeson contends that the trial judge erred in revising the commissioner's ruling. In light of the fact that a modification hearing is pending, this appeal is moot.

An issue is moot if a court can no longer give effective relief. *E.g.*, *In re Detention of LaBelle*, 107 Wn.2d 196, 200, 728 P.2d 138 (1986). That is the situation here. The relief sought by Mr. Leeson in his 2018 motion was a hearing to modify the conditions of the parenting plan. As a result of rulings in 2019, a modification hearing is pending in the superior court.

This court, even if it agreed with Mr. Leeson, cannot grant him any relief since he has already obtained the modification hearing that he sought. When the pending modification is heard, the trial court will decide that ruling on its merits after looking at current conditions in the households. Even if we believed the 2018 allegations merited review, there is no basis in the future for the superior court to look backwards at the former conditions of the household in that year. The court's 2020 assessment will govern.

No. 36375-9-III
*In re Leeson & Moore*


This appeal is moot. Accordingly, the appeal is dismissed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

4